NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000537
31-OCT-2012
10:45 AM

NO. CAAP-11-0000537

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


SHARI H. KOMATA, nka SHARI H. UYENO, Plaintiff-Appellant,
v.
JAMES M. KOMATA, Defendant-Appellee.


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 08-1-0101)


MEMORANDUM OPINION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant Shari H. Komata, nka Shari H. Uyeno (Mother), appeals from the Decree Granting Absolute Divorce (Decree) entered in the Family Court of the Third Circuit[1] (family court) on June 13, 2011. The Decree dissolved the marriage between Mother and Defendant-Appellee James M. Komata (Father), and, among other things, awarded primary legal and physical custody of their two minor children to Father, subject to Mother's rights of reasonable visitation.

On appeal, Mother challenges the custody award for the parties' children, contending that the family court abused its discretion when it: (1) precluded Marvin Acklin, PhD (Dr. Acklin) from providing expert testimony; and (2) awarded physical and legal custody to Father after the court cut short Mother's cross-

---

[1] The Honorable Anthony K. Bartholomew presided.

examination of Custody Evaluator/Guardian *ad litem* Edith Kawai (GAL), ignored statutory factors, and failed to make necessary findings.

For the reasons discussed below, we affirm.

## I. Dr. Acklin's Testimony

The family court did not abuse its discretion when it precluded Marvin Acklin, PhD from presenting expert testimony at trial. "The Family Court has wide discretion to limit expert testimony." Doe v. Doe, 120 Hawai'i 149, 176, 202 P.3d 610, 637 (App. 2009) (citations omitted). "The imposition of a sanction is generally within the discretion of the trial court." Weinberg v. Dickson-Weinberg, 123 Hawai'i 68, 71, 229 P.3d 1133, 1136 (2010) (citation and internal quotation marks omitted). It is also within the court's discretion to set the pre-trial calendar. See Hawai'i Family Court Rules (HFCR) Rule 16.

Mother contends that the family court abused its discretion in precluding Dr. Acklin's testimony because the court did not make a finding that she acted in bad faith or that Father was prejudiced due to the untimely disclosure of Dr. Acklin's report. In short, Mother asserts that the factors set forth by this court in Weinberg v. Dickson-Weinberg, 121 Hawai'i 401, 435, 220 P.3d 264, 298 (App. 2009) *affd. in part and vacated in part by* Weinberg v. Dickson-Weinberg, 123 Hawai'i 68, 229 P.3d 1133 (2010) should apply to this case. We do not agree. As expressed in the Hawai'i Supreme Court's subsequent opinion in Weinberg, the family court in that case struck a number of exhibits and witnesses which had the "effect of essentially barring *nearly an entire body of evidence*[.]" 123 Hawai'i at 77-78, 229 P.3d at 1142-43. The supreme court distinguished those circumstances from Glover v. Grace Pacific Corp., 86 Hawai'i 154, 948 P.2d 575 (App. 1997), in which this court upheld a ruling that precluded one expert from testifying due to his failure to produce a timely report, without a finding of bad faith or prejudice.

2

The instant case is similar to <u>Glover</u> rather than <u>Weinberg</u>.  Mother was precluded from presenting one expert, whose testimony would purportedly challenge the GAL and the GAL's report.  However, although the GAL's report was issued over seven months prior to the experts' report deadline, Dr. Acklin's report was untimely and instead the record indicates it was provided four days before trial.  As noted in <u>Glover</u>, where the expert had failed to finalize his opinions before the discovery cut-off, "the fair import of the policies underlying the discovery cutoff date is that an expert should have arrived at his or her final opinions by that date.  Otherwise, the party seeking discovery of such opinions would be prevented from adequately preparing for trial."  86 Hawai'i at 164, 948 P.2d at 585.

Similar to <u>Glover</u>, the family court in this case had the authority, and did not abuse its discretion, in precluding Dr. Acklin's testimony.  Pursuant to HFCR Rule 16, related to pretrial conferences, "[t]he court shall make an order which recites the action taken at the conference . . . and <u>such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice</u>."  (Emphasis added.)

Here, the family court's August 14, 2009 Stipulation/Order To Set Trial required that, "[a]ll discovery will be completed by no later than December 1, 2009.  After this date, no additional formal discovery will be initiated without court approval or the agreement of the other party." Importantly, this order instructed the parties to serve on the other party "all appraisals and reports of expert witnesses with their expert opinions" at least one week before the settlement conference set for January 12, 2010; thus, the due date for expert reports was January 5, 2010.  The order further explicitly stated: "Appraisals and other expert reports not provided as required above <u>shall not be admitted</u>, and <u>such experts will not</u>

be permitted to testify at trial over the objection of the opposing party unless otherwise ordered by the court." (Emphasis added.)

Mother failed to meet the order's deadline to submit expert reports by January 5, 2010. Even though Mother provided Dr. Acklin's name in her January 5, 2010 witness list, she did not provide his report to Father until February 4, 2010, which was four days before trial commenced. Mother made no effort to request agreement from Father or leave of the court to submit the report late.

At trial on February 8, 2010, in response to the family court's query as to why the court should permit Dr. Acklin to testify, Mother responded that:

> our good cause is if this Court looks at Doctor Acklin's report it talks about the problems with the GAL's report, which is basically the lack of time logs, the lack of correspondence, the lack of a client -- the lack of a file, basically case notes. None of those, none of those were provided by the GAL.

The court confirmed that Mother was offering Dr. Acklin "as a sort of industry expert to impeach [the GAL's], uh, professional approach[.]" Mother then also argued that Dr. Acklin's report was delayed because the GAL had not produced documents Dr. Acklin needed to write his report.

The family court noted that the GAL report "at the heart of this dispute has been in the parties' hands since May [2009]," and thus Mother's "late-hour problems" in getting information were essentially of her own creation. Mother's discovery request to the GAL was not served until November 3, 2009, less than a month before the discovery deadline and two months before expert reports were due. The family court also noted that Mother had failed to raise her concerns at the pre-trial conference. Finally, the court determined that it was premature to allow for a rebuttal witness to testify before the GAL had testified. The family court thus ruled that it would not

4

permit Dr. Acklin to testify at the February 8, 2010 hearing "in contravention of the pre-trial order" and would not admit into evidence any exhibits based on Dr. Acklin's report.

At the continued trial on March 15, 2010, Mother again requested that Dr. Acklin be sworn in as a rebuttal witness to "testify as to . . . the standards required of a child custody evaluator" and to "the fact that the standards have not in fact been met." The family court again denied Mother's request that Dr. Acklin testify as a rebuttal witness. The court explained that it was not ruling on Dr. Acklin's qualifications as an expert. The court disallowed Dr. Acklin's testimony because it was improper rebuttal testimony and the "requirements imposed by this Court in its earlier rulings with regard to production of records . . . otherwise have not been complied with."

There was no manifest injustice requiring the family court to modify its pretrial order under HFCR 16. Mother was able to present the children's therapist, Theresia Presbrey, PhD (Dr. Presbrey), as an expert witness. Mother was also able to cross-examine the GAL and made clear her challenge to the GAL's methodology, standards utilized, and qualifications. Under the circumstances of this case, we conclude that the family court did not abuse its discretion when it precluded Dr. Acklin from testifying.

## II. **Award of Custody**

With regard to the award of custody to Father, Mother contends that the family court abused its discretion when it: (1) cut off Mother's cross-examination of the GAL; and (2) ignored statutory criteria under Hawaii Revised Statutes (HRS) § 571-46(b) (Supp 2011) and failed to make necessary findings.

A.   **The family court did not abuse its discretion when limiting Mother's cross-examination of the GAL.**

Mother contends that the family court "should have allowed Mother to finish her case," rather than cutting off counsel "in mid-sentence, when she was questioning [the GAL] about the supporting documents."

The family court had the authority to set a reasonable time limit for the trial and control the litigation process, including the scope of cross-examination at trial. Doe v. Doe, 98 Hawai'i 144, 154-55, 44 P.3d 1085, 1095-96 (2002). Furthermore, Hawaii Rules of Evidence (HRE) Rule 611[2] vests the court with the discretion to determine the "mode and order" of interrogation and the "scope of cross-examination."

In Doe, the family court limited the evidentiary hearing to three hours, which had the effect of precluding mother from presenting testimony in support of her claims regarding father's abusive behavior. Doe, 98 Hawai'i at 154-56, 44 P.3d at 1095-97. The Hawai'i Supreme Court concluded that the family court had abused its discretion when it denied mother's HFCR Rule 59[3] motion for further proceedings, determining that mother had shown good cause to grant the motion because "[a] determination of family violence bears directly upon the best interests of the child[.]" Id. at 156, 44 P.3d at 1097.

---

[2]   HRE 611 provides, in pertinent part:

> **Rule 611. Mode and order of interrogation and presentation**
> (a) Control by court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.
>
> (b) Scope of cross-examination. Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness.

[3]   HFCR Rule 59 provides the trial court with the discretion to take additional testimony, among other actions, upon a showing of good cause.

Unlike Doe, in the instant case, Mother failed to show that further proceedings were necessary to determine issues bearing on the best interests of the children. Mother maintained she needed more time, asserting that "[the GAL's qualifications are] the biggest issue, Judge, and we should be allowed to have as long as time [sic] we need to cross-examine this."

Mother had cross-examined the GAL as to the factors she used "to determine the best-interest standards[.]" The GAL said she went into the home and observed interactions between the children and the parents; checked to see how the children were doing in school, extracurricular activities, and therapy; and looked at any medical or physical needs. She testified that she looked at each of the conditions, weighed them, and applied the circumstances to what was in the children's best interest. Mother's counsel then asked details about the visits described in the GAL's report.

After the family court informed Mother's counsel that "[y]ou need to finish," counsel asked a few questions about the GAL's response to Mother's "allegations of the possible use of force." Counsel then began a line of questioning about the GAL's curriculum vitae and her qualifications to conduct custody evaluations. Finally, when the court limited Mother to one more question, Mother's counsel asked about the GAL's time log and additional charges. From our review of the record, Mother had ample time to cross-examine the GAL and to challenge the GAL's credentials.

We thus conclude that, given the circumstances in this case, the family court did not abuse its discretion in limiting Mother's time in the cross-examination of the GAL.

### B. Mother fails to show that the family court ignored statutory factors or failed to make necessary findings.

Mother contends that the family court abused its discretion by providing insufficient findings of facts and failing to enumerate criteria listed under HRS § 571-46(b)[4] for determining the best interests of the child. In making its custody determination, "the family court is granted broad discretion to weigh the various factors involved, <u>with no single</u>

---

[4]   HRS § 571-46(b) provides, in relevant part:

(b)   In determining what constitutes the best interest of the child under this section, the court shall consider, but not be limited to, the following:

(1)   Any history of sexual or physical abuse of a child by a parent;

(2)   Any history of neglect or emotional abuse of a child by a parent;

(3)   The overall quality of the parent-child relationship;

(4)   The history of caregiving or parenting by each parent prior and subsequent to a marital or other type of separation;

(5)   Each parent's cooperation in developing and implementing a plan to meet the child's ongoing needs, interests, and schedule; provided that this factor shall not be considered in any case where the court has determined that family violence has been committed by a parent;

(6)   The physical health needs of the child;

(7)   The emotional needs of the child;

(8)   The safety needs of the child;

(9)   The educational needs of the child;

(10)  The child's need for relationships with siblings;

(11)  Each parent's actions demonstrating that they allow the child to maintain family connections through family events and activities; provided that this factor shall not be considered in any case where the court has determined that family violence has been committed by a parent;

(12)  Each parent's actions demonstrating that they separate the child's needs from the parent's needs;

(13)  Any evidence of past or current drug or alcohol abuse by a parent;

(14)  The mental health of each parent;

(15)  The areas and levels of conflict present within the family; and

(16)  A parent's prior wilful misuse of the protection from abuse process under chapter 586 to gain a tactical advantage in any proceeding involving the custody determination of a minor.

factor being given presumptive paramount weight[.]" <u>Fisher v.</u> <u>Fisher</u>, 111 Hawai'i 41, 50, 137 P.3d 355, 364 (2006).

Here, the family court provided its findings and conclusions in its Decision and Order. The court stated:

### IV. Custody and Visitation

Based upon the entire record in this case, the court concludes that the provisions for legal and physical custody and visitation set forth below are in the best interests of the parties' minor children. After careful consideration of the testimony of the parties, the children's therapist Dr. Presbrey, and the written report and testimony of the guardian *ad litem* Edith Kawai, the court has reached the following conclusions which have guided the court's decision with regard to custody and visitation:

A.   Both parties are competent parents, albeit with somewhat differing parenting styles. Notwithstanding their differing styles, each of them is a good parent on his or her own terms, and insofar as their individual relationships with the children are concerned, either of the parties is capable of being the custodial parent.

B.   In contrast with their respective relationships with their children, the parties' relationship with each other is not at all effective; indeed, the parties' inability to insulate the children from their parenting disputes persuades the court that "co-parenting" is not a workable option for these parties. Nor is joint legal custody a workable arrangement, for the parties' [sic] are evidently unable to engage with each other regarding the children without an unacceptable level of conflict.

C.   Because the parties cannot effectively manage a "co-parenting" type of joint custody, one of them must necessarily be the primary custodian, and the court's assessment as to which is the more appropriate primary custodian is influenced primarily by the court's assessment of which of the parties, as primary custodian, would be most supportive of the other's relationship with the children.

### 1. Custody

Legal and physical custody of the parties' minor children shall be awarded to [Father], subject to [Mother's] right to visitation. In addition to the considerations noted above, the court notes that the children have evidently done quite well during the time they have been in [F]ather's custody, and the court considers that the children's best interests will be served by continuing them in their present placement.

At the same time, it is important that the children continue to enjoy significant visitation with their mother, and the court is satisfied that [Father] may be expected to support and encourage the children's relationship with their mother.

Where "the written decision of the court contains findings of fact and conclusions of law," the court need not enter separate FOFs/COLs. HFCR Rule 52(a). Furthermore, "[t]he trial judge is required to 'only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts.'" Doe IV v. Roe IV, 5 Haw. App. 558, 565, 705 P.2d 535, 542 (1985) (quoting Tugaeff v. Tugaeff, 42 Haw. 455, 467 (1958) (quoting Moore's Federal Practice, 2d Ed. § 52.05[1])). "Moreover, the family court is given much leeway in its examination of the reports concerning a child's care, custody, and welfare, and its conclusions in this regard, if supported by the record and not clearly erroneous, must stand on appeal." In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001) (citation, internal quotation marks, and brackets omitted).

The family court acted within its discretion in reaching its decision on the issue of custody and thus did not abuse its discretion when it awarded physical and legal custody to Father.

### III. Conclusion

Based on the foregoing, the Decree Granting Absolute Divorce entered in the Family Court of the Third Circuit on June 13, 2011 is affirmed.

DATED: Honolulu, Hawai'i, October 31, 2012.

On the briefs:

Peter Van Name Esser
Joy A. San Buenaventura
for Plaintiff-Appellant

Brian J. De Lima
William B. Heflin
(Crudele & De Lima)
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge

10